1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| MOLLY MAGUE and PATRICK BRADSHAW, a married couple, and the marital community composed thereof; MADELINE A. CARDON, an unmarried person; | No. 2:24-cv-0024-MJP |
| Plaintiffs, | **DEFENDANT'S ANSWER TO AMENDED COMPLAINT** |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company, | |
| Defendant. | |

Defendant State Farm Fire and Casualty Company ("State Farm), through its undersigned counsel of record, answers Plaintiffs Molly Mague, Patrick Bradshaw, and Madeline Cardon's Amended Complaint (hereinafter "Complaint" or "Amended Complaint") as follows:

### I.    ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), all allegations contained in the Amended Complaint that are not specifically admitted or qualified below are denied.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 1
Case No. 2:24-cv-00024-MJP

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

1.      Paragraph 1.1 is admitted to the extent that some or all Plaintiffs own the real property located at 2311 Hartford Drive, Lake Stevens, Washington 98258. The remaining allegations are denied for lack of sufficient knowledge and information.

2.      Paragraph 1.2 is admitted.

3.      Paragraph 2 contains allegations regarding jurisdiction and venue before this case was removed to the United States District Court for the Western District of Washington, Seattle Division, pursuant to federal removal statutes. As such, the allegations in Paragraph 2 should not require a response. To the extent a response is required, admit jurisdiction and venue would have been proper had the case not been removed pursuant to federal removal statutes.

4.      Paragraph 3.1 is admitted to the extent State Farm issued the Policy to Plaintiffs, and that the Policy is a Homeowners Policy, with effective dates of June 19, 2022, to June 19, 2023.

5.      Paragraph 3.2 is admitted upon information and belief.

6.      Paragraph 3.3 is admitted to the extent that it was reported to Defendant that trees fell onto the home on or about November 5, 2022, and resulted in damage to various parts or portions of the insured property. The remaining allegations in Paragraph 3.3 are denied for lack of sufficient knowledge and information.

7.      Paragraph 3.4 is admitted to the extent that Plaintiffs notified State Farm of the incident on or about November 5, 2022, and claim representative Patricia Rice was assigned.

8.      Paragraph 3.5 is admitted.

9.      Paragraph 3.6 is admitted upon information and belief to the extent that Plaintiffs consulted with McCarthy and a report and estimate followed. The estimate and report speak for themselves.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 2
Case No. 2:24-cv-00024-MJP

10. Paragraph 3.7 is admitted. The report speaks for itself.

11. Paragraph 3.8 is admitted to the extent that the letter speaks for itself and states as quoted in Paragraph 3.8. Paragraph 3.8 is also admitted to the extent State Farm received the correspondence and the December 10, 2022 letter speaks for itself.

12. Paragraph 3.9 is admitted to the extent an email dated December 15, 2022, authored by Plaintiff Mague, sent to State Farm exists, and the general description of said email is accurate. Said email speaks for itself.

13. Paragraph 3.10 is admitted to the extent that State Farm issued a revised estimate as stated in Paragraph 3.10, and said estimate speaks for itself. All remaining allegations and characterizations are denied.

14. Paragraph 3.11 is admitted to the extent that the email authored by Denton Atkinson dated January 11, 2023, speaks for itself and includes the quoted (but not bracketed) language. Paragraph 3.11 is also admitted to the extent that emails authored by Denton Atkinson from after January 11, 2023, speak for themselves. All remaining allegations are denied.

15. Paragraph 3.12 is admitted to the extent that an estimate dated January 21, 2023, exists, and said estimate speaks for itself. Except as specifically admitted, the remaining allegations and characterizations are denied, including for the reason that Defendant lacks sufficient knowledge and information.

16. Paragraph 3.13 is admitted to the extent that a report exists from 100 Mile Home Inspections and an estimate exists from TJR, Inc. in the amount stated in Paragraph 3.13. All remaining allegations are denied.

17. Paragraph 3.14 is admitted to the extent that the referenced correspondence on the dates stated in Paragraph 3.14 took place, and the written correspondence speaks for itself.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 3
Case No. 2:24-cv-00024-MJP

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Paragraph 3.14 is denied to the extent that Paragraph 3.14 is alleging no correspondence has taken place between State Fam and Plaintiffs or their counsel since State Farm was provided with the TJR Estimate and 100 Mile Inspection report.

18.    Paragraph 3.15 is admitted to the extent that, upon information and belief, correspondence between Plaintiffs' counsel and Ms. Sherman took place on or about April 10, 2023. The remaining allegations are denied for lack of sufficient knowledge and information.

19.    Paragraph 3.16 is admitted to the extent that Plaintiffs' counsel authored a letter dated April 18, 2023, directed to Ms. Sherman, and contains language like that or exactly identical to as stated in Paragraph 3.16. Said letter speaks for itself. Any remaining allegations, characterizations, and references inconsistent with the letter are denied.

20.    Paragraph 3.17 is admitted to the extent that email correspondence from Natalie Sherman to Plaintiffs' counsel dated April 18, 2023, exists, and said email correspondence includes portions of what is alleged in Paragraph 3.17. Such correspondence speaks for itself. The remaining allegations and characterizations are denied.

21.    Paragraph 3.18 is admitted upon information and belief to the extent that Victor Diaz and Plaintiffs/Plaintiffs' counsel never directly interacted.

22.    Paragraph 3.19 is admitted to the extent that, upon information and belief, no contact was made via telephone or email. The remaining allegations are denied for lack of sufficient knowledge and information.

23.    Paragraph 3.20 is admitted to the extent that a letter authored by Natalie Sherman and dated June 9, 2023, addressed to Plaintiff Mague, exists, and said letter speaks for itself, including as quoted in Paragraph 3.20. The remaining allegations in Paragraph 3.20 are denied.

24.    Paragraph 3.21 is admitted to the extent that, upon information and belief, correspondence between David Williams and Plaintiffs' counsel took place on or about June

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

1    13, 2023. All remaining allegations are denied for lack of sufficient knowledge and

2    information.

3         25.    Paragraph 3.22 is admitted to the extent that, upon information and belief, David

4    Williams performed an inspection in June 2023. Paragraph 3.22 is denied to the extent the

5    allegations include allegations that no written correspondence has taken place between

6    Defendant and Plaintiffs or their counsel since June 2023. Any remaining allegations are also

7    denied.

8         26.    Paragraph 3.23 is admitted to the extent that correspondence from Plaintiffs'

9    counsel to Natalie Sherman dated July 21, 2023, exists, and the same includes references to

10   multiple line items and a reference to demanding an appraisal. Paragraph 3.23 is further

11   admitted to the extent that correspondence from Plaintiffs' counsel to Ms. Sherman dated July

12   31, 2023, exists, and the same includes a demand for an appraisal. Such correspondence also

13   speaks for itself. The Policy also speaks for itself regarding the appraisal conditions and

14   provisions. Any remaining allegations are denied.

15        27.    Paragraph 3.24 is admitted to the extent that, upon information and belief, calls

16   were placed by David Williams to Plaintiffs' counsel during the time period identified. The

17   remaining allegations, including allegations regarding the contents of communications during

18   any such telephone calls, are denied for lack of sufficient knowledge and information.

19        28.    Paragraph 3.25 is admitted to the extent that a letter authored by Ryan Schossow

20   dated August 18, 2023, exists, and the same speaks for itself, including as quoted in Paragraph

21   3.25. All remaining allegations are denied.

22        29.    Paragraph 3.26 is admitted to the extent that an email from David Williams to

23   Plaintiffs' counsel dated August 17, 2023, exists, and said email speaks for itself. Paragraph

24   3.26 is denied to the extent Defendant has knowledge of an email authored by Plaintiffs'

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 5
Case No. 2:24-cv-00024-MJP

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

counsel dated August 21, 2023. Paragraph 3.26 is admitted to the extent that, upon information and belief, a conversation between Mr. Williams and Mr. McCarthy took place on or around August 30, 2023. Paragraph 3.26 is further admitted to the extent that a letter dated August 30, 2023, and authored by Natalie Sherman, was sent, and said letter speaks for itself. All remaining allegations are denied, including because Defendant lacks sufficient knowledge and information.

30.     Paragraph 3.27 is admitted to the extent that an email from Plaintiffs' counsel to Mr. Williams dated September 7, 2023, exists, and the same speaks for itself. Any remaining allegations are denied.

31.     Paragraph 3.28 is denied to the extent that Paragraph 3.28 is alleging that Defendant never had any additional correspondence with Plaintiffs or their counsel since September 7, 2023.

32.     Paragraph 3.29 is denied for lack of sufficient knowledge and information.

33.     Paragraph 3.30 is admitted to the extent that, upon information and belief, correspondence took place between Plaintiffs' counsel and Ms. McGowan and/or Ms. Davis on or around September 21, 2023. The remaining allegations in Paragraph 3.30 are denied for lack of sufficient knowledge and information.

34.     Paragraph 3.31 is denied for lack of sufficient knowledge and information.

35.     Paragraph 3.32 is denied for lack of sufficient knowledge and information.

36.     Paragraph 3.33 is admitted to the extent that, upon information and belief, a conversation took place between Plaintiffs' counsel and Ms. Featherston-Spurlin on or about September 27, 2023. The remaining allegations in Paragraph 3.33 are denied for lack of sufficient knowledge and information.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 6
Case No. 2:24-cv-00024-MJP

37.     Paragraph 3.34 is admitted to the extent that, upon information and belief, a conversation took place between Plaintiffs' counsel and Ms. Featherston-Spurlin on or about September 28, 2023. The remaining allegations in Paragraph 3.34 are denied for lack of sufficient knowledge and information.

38.     Paragraph 3.35 is admitted to the extent that the referenced email communication from September 28, 2023, exists, and said email correspondence speaks for itself. The remaining allegations are denied for lack of sufficient knowledge and information.

39.     Paragraph 3.36 is admitted to the extent that a letter dated October 11, 2023, addressed to Plaintiff Mague, exists, and said letter speaks for itself. Paragraph 3.36 is further admitted to the extent that references to "double-layered" or "two layers" had been made prior to October 11, 2023. All remaining allegations are denied, including because State Farm lacks sufficient knowledge and information.

40.     Paragraph 3.37 is admitted to the extent that an email from Plaintiffs' counsel to Ms. Featherston-Spurlin dated October 16, 2023, exists, and said email speaks for itself. Paragraph 3.37 is further admitted to the extent that the email attached an estimate from McCarthy, which too speaks for itself. Paragraph 3.37 is denied to the extent the same intends to allege that State Farm has provided no written correspondence to Plaintiffs or to their counsel since October 16, 2023. All remaining allegations are denied.

41.     Paragraph 3.38 is admitted to the extent that Noel Myers and Barb Burnett have both been assigned to Plaintiffs' claim. Paragraph 3.38 is further admitted to the extent that, upon information and belief, one or more conversations took place between Ms. Meyers and Plaintiffs' counsel. The remaining allegations and characterizations are denied, including because Defendant lacks sufficient knowledge and information.

42.     Paragraph 3.39 is denied for lack of sufficient knowledge and information.

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

43.     Paragraph 3.40 is admitted to the extent that, upon information and belief, a conversation between Ms. Myers and Plaintiffs' counsel took place on or around the stated time period. The remaining allegations are denied for lack of sufficient knowledge and information.

44.     Paragraph 3.41 is admitted to the extent that, upon information and belief, a conversation between Ms. Person and Plaintiffs' counsel took place on or around the stated time period. The remaining allegations are denied for lack of sufficient knowledge and information.

45.     Paragraph 3.42 is admitted to the extent that the referenced email and photo exist, and the same speak for themselves. Paragraph 3.42 is further admitted to the extent that the email was not specifically responded to.

46.     Paragraph 3.43 is admitted, as the email speaks for itself.

47.     Paragraph 3.44 is admitted to the extent that, upon information and belief, an inspection occurred on or about November 7, 2023. All remaining allegations are denied, including for the reason that Defendant lacks sufficient knowledge and information.

48.     Paragraph 3.45 is denied to the extent that Paragraph 3.45 alleges or implied no communication has taken place between Plaintiffs through their counsel and State Farm, through employees or counsel.

49.     Paragraph 3.46 is admitted, and the letter speaks for itself.

50.     Paragraph 3.47 is admitted to the extent that over 20 days have passed since notice and there has been no resolution of the allegations. Any remaining allegations are denied.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 8
Case No. 2:24-cv-00024-MJP

51.     Paragraph 3.48 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

52.     Paragraph 4.1 does not require a response. To the extent a response is required, Defendant incorporates all prior paragraphs of this Answer.

53.     Paragraph 4.2 contains one or more conclusions of law to which no responses should be required. To the extent responses are required, duty presents a question of law in a negligence action, but Paragraph 4.2 concerns alleged breach of contract. To the extent a duty is applicable to the breach of contract claim asserted, and any such duty or duties is/are in accordance with Washington law as determined by the Court, admitted; otherwise denied.

54.     Paragraph 4.3 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

55.     Paragraph 4.4 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

56.     Paragraph 4.5 does not require a response. To the extent a response is required, Defendant incorporates all prior paragraphs of this Answer.

57.     Paragraph 4.6 contains one or more conclusions of law to which no responses should be required. To the extent responses are required, duty presents a question of law. To the extent the duty stated is in accordance with the duty determined by the Court under controlling Washington law, admitted; otherwise denied.

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

58.     Paragraph 4.7 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

59.     Paragraph 4.8 does not require a response. To the extent a response is required, Defendant incorporates all prior paragraphs of this Answer.

60.     Paragraph 4.9 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

61.     Paragraph 4.10 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

62.     Paragraph 4.11 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

63.     Paragraph 4.12 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

64.     Paragraph 4.13 does not require a response. To the extent a response is required, Defendant incorporates all prior paragraphs of this Answer.

65.     Paragraph 4.14 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, Paragraph 4.14 is admitted to the extent that a controversy currently exists between Plaintiffs and State Farm and Plaintiffs are seeking declaratory relief in this lawsuit. Except as specifically admitted or qualified, the allegations in Paragraph 4.14 are denied.

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

66.     Paragraph 4.15 does not require a response. To the extent a response is required, Defendant incorporates all prior paragraphs of this Answer.

67.     Paragraph 4.16 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

68.     Paragraph 4.17 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

69.     Paragraph 4.18 states one or more conclusions of law to which no responses should be required. To the extent responses are nonetheless required, the allegations are denied.

70.     To the extent required, Defendant denies that Plaintiffs are entitled to their requested relief as set forth in Section V of the Complaint, sub-paragraphs A.-F.

## II.     AFFIRMATIVE DEFENSES

In addition to the foregoing Answer, Defendant also asserts the following affirmative defenses pursuant to Fed. R. Civ .P. 8(c). Defendant reserves the right to amend the following affirmative defenses pursuant to Fed. R. Civ. P. 15.

1.     Plaintiffs' claims are subject to the terms, limitations, conditions, deductibles, exclusions, and provisions of the Policy; and Plaintiffs' claims may be barred because exclusions, limitations, terms, conditions, definitions, endorsements, or other provisions of the Policy apply.

2.     To the extent Plaintiffs have failed to mitigate their claimed damages or failed to protect themselves from avoidable consequences, recovery should be barred or reduced accordingly.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 11
Case No. 2:24-cv-00024-MJP

3.      Defendant's actions were conducted in good faith and in accordance with the Policy and existing law. Defendant's claim-handling decisions and actions were reasonable and fairly debatable under the facts known to it at the time.

4.      Plaintiffs' claimed injuries and damages may have been caused or contributed to by the fault of Plaintiffs or unnamed parties over whom Defendant had no control or right of control.

5.      Pursuant to RCW 4.22.070, Defendant is entitled to an allocation of fault and a determination of the proportionate share of fault of all persons and entities causing damages for which Plaintiffs are seeking recovery.

6.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

7.      Defendant is entitled to an offset for all prior payments made to or on behalf of Plaintiffs. In that regard, Defendant asserts the affirmative defense of payment.

8.      Plaintiffs' claims may be barred by waiver or estoppel.

9.      To the extent discovery reveals that Plaintiffs breached the contract, recovery should be barred.

10.     To the extent discovery reveals that Plaintiffs made material misrepresentations about the claim and/or damages, recovery should be barred.

### III.      <u>PRAYER FOR RELIEF</u>

Having fully answered the Plaintiffs' complaint, and having alleged certain affirmative defenses, Defendant respectfully requests that the Plaintiffs' complaint be dismissed with prejudice and the Defendant awarded to it its costs, reasonable attorneys' fees, and such other and further relief as the court deems just and equitable.

Dated this 9th day of May, 2024

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 12
Case No. 2:24-cv-00024-MJP

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

1

MIX SANDERS THOMPSON, PLLC

2

3
s/Aaron M. Dunn
Aaron M. Dunn, WSBA No. 58113
MIX SANDERS THOMPSON, PLLC

4
1620 Fifth Avenue, Ste. 1800
Seattle, WA  98101

5
Tel:    206-678-1000
Fax:    888-521-5980

6
Email: aaron@mixsanders.com
Attorneys for Defendant

7
State Farm Fire and Casualty Company

8

MIX SANDERS THOMPSON, PLLC

9

10
s/George A. Mix
George A. Mix, WSBA No. 32864

11
MIX SANDERS THOMPSON, PLLC
1620 Fifth Avenue, Ste. 1800

12
Seattle, WA  98101
Tel:    206-678-1000

13
Fax:    888-521-5980
Email: george@mixsanders.com

14
Attorneys for Defendant
State Farm Fire and Casualty Company

15

16

17

18

19

20

21

22

23

24

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 13
Case No. 2:24-cv-00024-MJP

**CERTIFICATE OF SERVICE**

I, Kalli Lehmann, certify that on May 9, 2024 I caused to be served a true and correct copy of the foregoing ANSWER TO AMENDED COMPLAINT via the method indicated below and addressed to the following:

*Attorney for Plaintiff:*
Michael D. Daudt
Daudt Law, PLLC
110 Prefontaine Place S., Suite 304
Seattle, WA 98104
☐ Legal Messenger
☐ U.S. Mail
☒ E-mail to
mike@daudtlaw.com

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

s/Kalli Lehmann
Mix Sanders Thompson, PLLC
1601 5th Ave, Suite 1800
Seattle, WA 98101
Tel:   206-678-1000
Fax:   888-521-5980

DEFENDANT'S ANSWER TO AMENDED COMPLAINT – 14
Case No. 2:24-cv-00024-MJP